TESLA, INC.
Aengus H. Carr, Bar No. 240953
aecarr@tesla.com
3000 Hanover St.
Palo Alto, CA 94304
Telephone (650)-681-5000

*Attorney for Defendants*
*Tesla, Inc. and Tesla Finance LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYREE HINTON, an individual,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TESLA, INC., TESLA FINANCE LLC, and Does 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-02877<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§1332(D), 1441, 1446 & 1453 (CLASS ACTION FAIRNESS ACT)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

　　**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332(d), 1441, 1446 and 1453, Defendants Tesla Inc. ("Tesla") and Tesla Finance LLC ("TF LLC") (collectively, "Defendants") by and through their counsel of record, hereby removes to this Court the state-court action described herein. Federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d), because this case is a "class action" under CAFA, the CAFA diversity of citizenship requirements are fully met, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Defendants

1

state the following grounds for removal:

## I. INTRODUCTION

1. On February 10, 2025, Plaintiff Nyree Hinton filed a putative Class Action Complaint against Defendants in the Superior Court of California for the County of Los Angeles, styled *Nyree Hinton, an individual, on behalf of himself and all others similarly situated, v. Tesla Inc., et al.*, No. 25STCV03746 ("Class Action Complaint"). At the time of filing this Notice of Removal, the case was still pending in the Superior Court of California for the County of Los Angeles. *See* 28 U.S.C. § 1441(a).

2. The Class Action Complaint was served on both Defendants on March 4, 2025. True and correct copies of the putative Class Action Complaint, Summons and all other documents as served on Defendants in this action are attached hereto as Exhibits A (Tesla) and B (TF LLC). *See* 28 U.S.C. § 1446(a).

3. Plaintiff alleges he purchased a used 2020 Tesla Model Y from an unrelated third-party in Georgia, and claims that he believes Tesla has, among other things, designed an algorithm or other software into his car which causes it to fraudulently record more miles on the odometer than were actually driven. This allegedly causes the various warranties of his vehicle and others to prematurely terminate when they hit warranty mileage caps, thus allowing Tesla to improperly deny warranty coverage for repairs that would have been covered if the odometer had been correct. Plaintiff asserts various California contract and fraud-type claims on behalf of a proposed California class. Defendants deny all material allegations in the Complaint, deny the existence of any such software, deny that class treatment is appropriate, and deny they have harmed Plaintiff or any member of the putative class or that they are entitled to any relief.

4. When a plaintiff files suit in state court but could have invoked the original jurisdiction of the federal courts, a defendant may remove the action to federal court. 28 U.S.C. § 1441(a).

5. This action lies within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. The United States Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

6. CAFA grants this Court original jurisdiction over class actions when: (1) there are at least 100 members of the putative class; (2) at least one defendant is a citizen of a state different from at least one putative class member (i.e., minimal diversity); (3) the aggregate amount in controversy exceeds $5 million; and (4) the defendants are not states, state officials, or other government entities. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(A and B), and (d)(6). Each of these grounds is satisfied here.

## II. THE REMOVED ACTION IS A CLASS ACTION SUBJECT TO CAFA REMOVAL

7. This case is a "class action" as defined in 28 U.S.C. § 1332(d)(1)(B) and is therefore removable under CAFA. *See, e.g.*, Exhibit A at 17-21 (Compl. ¶¶ 111-131) ("Class Action Allegations").

8. Plaintiff confirms as such by seeking to bring all causes of action "pursuant to California Code of Civil Procedure § 382 . . . ." *Id*. at 13 (Compl. ¶ 111), and denoting in the caption that it is a "Class Action Complaint." *Id*. at 5 (Compl. p. 1).

9. In the Class Action Complaint, Plaintiff defines the putative class to include: "all citizens residing in California who purchased a new or used Tesla Vehicle for personal, family, or household purposes ("Class")". *Id*. at 21 (Compl. ¶ 111(a)).

10. Section 382 of the California Code of Civil Procedure authorizes actions to be brought by "one or more" persons who may "sue or defend for the benefit of all" where "the question is one of a common or general interest, of many

persons, or when the parties are numerous, and it is impracticable to bring them all before the court . . . ." Thus, actions alleged under this section qualify as "class actions" for removal jurisdiction under CAFA because they "authoriz[e] an action to be brought by 1 or more representatives as a class action." *See* 28 U.S.C. § 1711(2); *Martinez v. Check 'N Go of Cal., Inc.*, No. 15-CV-1864 H (RBB), 2016 WL 6103166, at *3 (S.D. Cal. Feb. 18, 2016) (defendants properly removed case originally brought under Cal. Civ. Proc. Code § 382 as a "class action" under CAFA); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202 (E.D. Cal. 2008) (same).

11. Accordingly, the Class Action Complaint falls within the definition of a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(8).

**A.   There are more than 100 class members**

12. The putative class potentially encompasses more than a million vehicles, because it includes all Tesla models sold in California with no time constraints. Although Tesla denies such relief is legally cognizable or appropriate, potentially very old vehicles could be included if plaintiffs' allegations for tolling or equitable estoppel are sustained by the Court. Even only looking at the last three years, public reporting shows more than 600,000 new Tesla vehicles were registered in California over the years 2022-2024. Exhibit C (pp. 3 and 11).

**B.   The Complaint satisfies the minimal diversity requirement of CAFA**

13. CAFA supports removal if any defendant is a citizen of a different state than any one putative class member. 28 U.S.C. § 1332(d)(2)(A).

14. The named Plaintiff Nyree Hinton alleges he is a citizen of the State of California. Exhibit A at 7 (Compl. ¶ 9).

15. Tesla not a citizen of the State of California. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

business." 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

16. At the time this action was filed and at the time of removal, Tesla was, and still is, incorporated in Texas with its headquarters in Texas. *Id.* at 7 (Compl. ¶ 10.) (Tesla is not a Delaware corporation as the Complaint alleges, but that is immaterial for this Notice as it is not a citizen of California either way.)

17. As a result, the minimal diversity requirement is satisfied given that Plaintiff is a citizen of California and Tesla is a citizen of Texas. *See, e.g., Edlund v. True Classic Tees, LLC*, No. 2:25-CV-00450-RGK-RAO, 2025 WL 854737, at *1 (C.D. Cal. Mar. 19, 2025) (CAFA diversity requirement satisfied so long as "at least one plaintiff is diverse from any one defendant").

### C. The Amount in Controversy Exceeds $5,000,000

18. CAFA provides for original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Unlike traditional diversity jurisdiction based upon individual claims, in class actions, CAFA requires that the claims of all putative class members be aggregated:

> In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).

19. The amount in controversy is determined by evaluating the Plaintiff's complaint and the record as a whole. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff [with evidence] or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"

or "proof of the amount the plaintiff will recover." *Lewis*, 627 F.3d at 400 (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed, because "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable.").

20. As the United States Supreme Court has held, a notice of removal "need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 (emphasis added). Indeed, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

21. Although the Complaint does not state the total amount of monetary relief that the putative class could obtain, it is plain that the proposed class seeks a total amount far in excess of the $5,000,000[1] threshold for removal jurisdiction under CAFA, 28 U.S.C. §1332(d)(2), given the size of the putative class and the nature of the claims.

22. Plaintiff's broad putative class consists of individuals "residing in California who purchased a new or used Tesla Vehicle for personal, family, or household purposes." *Id*. at 21 (Compl. ¶ 111(a)). And Plaintiff's claims are based on allegations that he and all such putative class members are entitled to injunctive relief, actual, statutory and punitive damages, pre- and post-judgment interest, disgorgement of profits, and attorneys' fees and costs. *See, e.g.*, Exhibit A at 33-34 (Compl. pp. 29-30) ("Prayer for Relief"). The Court must accept Plaintiff's

---

[1] The following analysis is provided solely to establish that CAFA's amount in controversy requirement is reasonably met if the Complaint's allegations are accepted as true. This analysis is in no way an admission of any allegation in the Complaint, an admission regarding whether class certification is appropriate, an admission as to the proper method for calculating damages, or an admission that Plaintiff is entitled to any relief whatsoever.

allegations as true in measuring the amount in controversy, and Plaintiff must be bound by those same allegations. *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.") (quotations and brackets omitted); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith.") (citation omitted); *cf. Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 U.S. Dist. LEXIS 170498, at *9 (W.D. Wash. Oct. 1, 2019) ("In a case for money damages . . . the appropriate focus in determining the amount in controversy is on plaintiff's assessment of the value of her case, and the best evidence of that assessment is usually the plaintiff's own statements.") (quotations omitted ellipses in original).

23.   Here, Plaintiff alleges that his car needs $10,000 in repair costs he claims should have been covered under warranty. Exhibit A at 20 (Compl. ¶ 105); *see also id., generally*, at 18-21 (¶¶ 90-108). The putative class potentially encompasses more than a million vehicles. Indeed, even only looking at the last three years, public reporting shows that more than 600,000 new Tesla vehicles were registered in California for the years 2022-2024. Exhibit C at 3 and 11. Assuming even a fraction of the vehicles at issue involved alleged costs similar to what Plaintiff says he supposedly incurred as a result of Tesla's conduct (approximately $10,000), CAFA's $5,000,000 amount-in-controversy requirement is easily met. Even if only the last three years of new vehicles in California are considered, and even if each class member sought less than $10 in monetary relief, the total amount in controversy still would exceed the $5,000,000 threshold. As a result, CAFA's amount-in-controversy requirement is met.

24.   Plaintiff also seeks "attorneys' fees and costs." Exhibit A at 33-34

(Compl. pp. 29-30) ("Prayer for Relief"). Courts consider attorneys' fees and costs in establishing the amount in controversy for removal jurisdiction under the CAFA amendments. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *accord Haldiman v. Continental Casualty Co.*, 666 Fed. Appx. 612, 613–14 (9th Cir. Nov. 14, 2016). Coupled with monetary relief sought on a class-wide basis (that independently exceed the jurisdictional minimum), the claim for attorneys' fees and costs only further causes the $5,000,000 jurisdictional minimum to be met.

25. Plaintiff's request for punitive damages only further adds to the jurisdictional amount. Exhibit A at 33 (Compl. pp 29-30) ("Prayer for Relief").

26. Accordingly, while Defendants deny that Plaintiff or any class member is entitled to any relief, the amount in controversy well exceeds the CAFA threshold.

**D.  Defendants are not government entities**

27. Tesla is a corporation and TF LLC is a limited liability company.

**E.  TF LLC is a stranger to the facts of this case**

28. TF LLC is organized under the laws of Delaware and has its principal place of business in California. (Compl. ¶ 13.)

29. The Complaint admits that TF LLC "originates, offers, services, administers, and collects leases and financing for Tesla Inc. and Tesla Vehicles" (Compl. ¶ 14), though Plaintiff never alleges any involvement of TF LLC in his purchase of his used 2020 Model Y from an unrelated third-party.

30. TF LLC is a captive finance entity with no employees. Declaration of Timothy Knox in Support of Defendants' Notice of Removal ("Knox Decl."), attached as Exhibit D, at ¶ 3.[2]  TF LLC's business purpose is to originate and

---

[2] The Court is authorized to consider declarations and "summary-judgment type" evidence in considering whether removal is proper. *See Lim v. Helio, LLC*, 2012 U.S. Dist. LEXIS 12871, at *4 (C.D. Cal. Feb. 2, 2012); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–88 (2014) (removing defendant may rely on evidence).

service leases on new Tesla-brand vehicles and provide financing for new car purchases. *Id*. TF LLC does currently not provide financing for used vehicle sales. *Id*. TF LLC does not design, test, manufacture, market, service, repair or warrant vehicles of any kind. *Id*. Likewise, TF LLC does not "sell" vehicles to retail customers, with the exception that, subject to local laws, some leases include a lease-end purchase or buy-out option. *Id*. ¶ 4.

31. Plaintiff alleges he bought the car at the center of his Complaint, a used 2020 Model Y, from "IQAutos" in Marietta, Georgia on or about December 9, 2022. Exhibit A at 17 (Compl. ¶ 79.) Plaintiff's own allegations about this purchase (*id*.) do not reference or suggest the involvement of any Tesla entity, much less TF LLC, and present the transaction as wholly between Plaintiff and IQAutos.

32. TF LLC has separately confirmed it is not affiliated with IQAutos, and did not finance or participate in Plaintiff's used car purchase. Ex. D (Knox Decl.) at ¶¶ 5-6.

33. Thus, TF LLC has no relation to or involvement with any of the substantive allegations of Plaintiff's Complaint, and is a stranger to this dispute. TF LLC had no role in Plaintiff's purchase transaction, any of the alleged vehicle design-related conduct giving rise to plaintiffs' claims (e.g., allegedly duplicitously designing and installing an algorithm that makes customer's odometers fraudulently add mileage never driven to cause warranties to prematurely expire) or the alleged denial of warranty coverage.

34. However, the Complaint also alleges "Upon information and belief, Tesla Inc. is comprised of affiliated corporate entities, each of which conducts business in California and all across the United States. These entities, individually or collectively, through an integrated corporate structure (the details of which Plaintiff is presently unaware), market, sell and provide automobiles and associated products and services. [] Upon information and belief, one of those affiliated

corporate entities of Tesla Inc. is Tesla Finance." Ex. A at 8 (Compl. ¶¶ 13-14.) The Complaint provides no information as to how this "information and belief" conclusion was reached as to TF LLC. To the extent this allegation is an attempt to include TF LLC's activities to include anything other than purchase and lease financing – such as the design or warranty coverage issues that permeate the Complaint – it is not true, as outlined in the Knox Declaration.

### III.   TESLA HAS COMPLIED WITH THE REQUIREMENTS IN 28 U.S.C. § 1466.

35.  **Removal Is Timely**. Defendants were served on March 4, 2025, and timely filed this Notice of Removal within 30 days of service of the Class Action Complaint. *See* 28 U.S.C. § 1446(b).

36.  **Removal to This Court Is Proper**. The putative Class Action Complaint was filed in the Superior Court of California for the County of Los Angeles. This Court is part of the "district and division within which such action is pending . . . ." 28 U.S.C. § 1446(a).

37.  **Pleadings and Process**. Pursuant to 28 U.S.C. section 1446(a), a "copy of all process, pleadings, and orders served upon" Defendants are attached to this Notice of Removal as Exhibits A and B. Defendants have not yet answered or otherwise filed a response to the putative Class Action Complaint. Other than the documents attached as Exhibits A and B, no other pleadings, process, orders, or other papers in this case have been filed, served, or otherwise received by Defendants or, to their knowledge, are presently on file in the Superior Court of California for the County of Los Angeles. In the event that additional filings, if any, come to Defendants' attention, they will promptly provide this Court with true and correct copies of all such papers.

38.  **Notice to All Parties and the State Court**. Concurrent with the filing of this Notice, Defendants gave written notice of this Notice of Removal to Plaintiff's counsel of record, and will file a copy of this Notice of Removal with the

Clerk of the Superior Court of California for the County of Los Angeles. 28 U.S.C. §§ 1446(a), (d).

39. If any question arises as to the propriety of the removal of this Action, Defendants reserve the requests the opportunity to present a brief, evidence, oral argument in support of their position that this case is clearly removable, as required under *Dart Cherokee* and other controlling law.

### IV. CONCLUSION

41. Based on the foregoing, Defendants hereby remove the Action from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California.

Respectfully submitted,

April 2, 2025

By /s/ *Aengus H. Carr*
Aengus H. Carr

TESLA, INC.
*Attorney for Defendants Tesla, Inc. and Tesla Finance LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2025, a true and correct copy of the foregoing Notice of Removal, including all exhibits thereto, was sent by electronic mail and FedEx overnight to the following counsel:

>Christopher R. Rodriguez, Esq.
>crodriguez@signletonschreiber.com
>Andrew D. Bluth
>abluth@singletoscrheiber.com
>John R. Ternieden
>jternieden@signletonschreiber.com
>SINGLETON SCHREIBER, LLP
>1414 K Street, Suite 470
>Sacramento, CA  95814
>Telephone:  (916) 248-8478
>Facsimile:  (619) 255-1515

*Counsel for Plaintiff*

>*/s/ Aengus H. Carr*
>Aengus H. Carr