**TESLA, INC.**
Aengus H. Carr, SBN 240953
aecarr@tesla.com
3000 Hanover St.
Palo Alto, CA 94304
Tel: (650) 681-5000

**MORGAN, LEWIS & BOCKIUS LLP**
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
Jesse S. Krompier, Bar No. 318760
jesse.krompier@morganlewis.com
Pilar M. Hoye, Bar No. 357580
pilar.hoye@morganlewis.com
300 South Grand Avenue, 22nd Fl.
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Brian M. Ercole (*Pro Hac Vice forthcoming*)
brian.ercole@morganlewis.com
600 Brickell Ave., Ste. 1600
Miami, FL 33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001
*Attorneys for Defendant Tesla, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NYREE HINTON, an individual; and ANTHONY LEON, an individual; on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

TESLA, INC., a Texas corporation,

Defendant.

Case No. 2:25-cv-02877-MEMF-AYP

Hon. Maame Ewusi-Mensah Frimpong

**DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

[*[Proposed] Order; Declaration of Jesse S. Krompier filed concurrently herewith*]

Date: January 7, 2027
Time: 10:00 a.m.
Courtroom: 8B

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 7, 2027, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8B of the Felicitas and Gonzalo Mendez United States Courthouse, before the Honorable Maame Ewusi-Mensah Frimpong, Defendant Tesla, Inc. ("Tesla") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings as to the following claims in Plaintiffs' Third Amended Complaint ("TAC"), ECF No. 42: (1) negligent misrepresentation (Count II); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL") (Count III); (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL") (Count IV); (4) Plaintiff Anthony Leon's claim for breach of contract (Count V); and (5) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA") (Count VI).

Plaintiffs have not cured the defects identified in the Court's September 28, 2026 dismissal order ("Dismissal Order") with respect to Plaintiffs' negligent misrepresentation claim and Plaintiff Leon's breach of contract claim. Plaintiffs' negligent misrepresentation claim also fails because California law does not allow those claims to be based on alleged omissions. Likewise, because Plaintiffs have not pled the necessary pre-sale knowledge of any alleged odometer defect at the time of Plaintiffs' purchases, Tesla is also entitled to judgment on the pleadings as to the UCL, FAL, and CLRA claims under controlling Ninth Circuit law.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 17, 2026. *See* Declaration of Jesse S. Krompier ¶¶ 3–5 (setting forth the date of the conference and each party's position).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and such further argument as the Court may permit.

Dated: November 24, 2026

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jesse S. Krompier*
David L. Schrader
Jesse S. Krompier

*Attorneys for Defendant Tesla, Inc.*

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Plaintiffs Allege That Tesla Failed To Disclose That Their Vehicles' Odometer Systems Are Defective. ..... 2

B. The Court Dismissed Plaintiffs' Negligent Misrepresentation Claim And Plaintiff Leon's Breach Of Contract Claim. ..... 3

C. The TAC Fails To Cure These Defects. ..... 4

III. LEGAL ARGUMENT ..... 5

A. The Negligent Misrepresentation Claim (Count II) Fails Because Plaintiffs Still Fail To Allege Tesla's Presale Knowledge Of Any Alleged Defect And No "Positive Assertion" Of Fact. ..... 6

1. The TAC Still Fails To Plead Facts Showing Presale Knowledge. ..... 7

2. The Negligent Misrepresentation Claim Improperly Rests On An Omission, Not The Requisite Positive Assertion. ..... 10

B. The UCL (Count III), FAL (Count IV), And CLRA (Count VI) Claims Also Fail For Lack Of Presale Knowledge. ..... 11

C. Plaintiff Leon's Breach of Contract Claim (Count V) Fails Because He Still Does Not Allege He Presented His Vehicle To Tesla For Repair And Concedes He Is Not Maintaining This Claim. ..... 13

D. Plaintiffs Should Not Be Granted Yet Another Chance To Amend. ..... 14

IV. CONCLUSION ..... 14

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Ahern v. Apple Inc.*,
411 F. Supp. 3d 541 (N.D. Cal. 2019) .......... 7, 12

*Apodaca v. Whirlpool Corp.*,
2013 WL 6477821 (C.D. Cal. Nov. 8, 2013) .......... 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 6, 8

*Askins v. U.S. Dep't of Homeland Sec.*,
899 F.3d 1035 (9th Cir. 2018) .......... 5, 13

*B.L.M. v. Sabo & Deitsch*,
55 Cal. App. 4th 823 (1997) .......... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 6

*Cadena v. Am. Honda Motor Co.*,
2019 WL 3059931 (C.D. Cal. May 29, 2019) .......... 12

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) .......... 6

*Clark v. Am. Honda Motor Co.*,
528 F. Supp. 3d 1108 (C.D. Cal. 2021) .......... 14

*Election Integrity Project Cal., Inc. v. Weber*,
113 F.4th 1072 (9th Cir. 2024) .......... 15

*Franco v. Ford Motor Co.*,
644 F. Supp. 3d 672 (C.D. Cal. 2022) .......... 7, 9, 12

*Galdamez v. FCA US LLC*,
830 F. Supp. 3d 982 (C.D. Cal. 2026) .......... 8

*Gregg v. Hawaii, Dep't of Pub. Safety*,
870 F.3d 883 (9th Cir. 2017) .......... 5

*Hall v. Marriott Int'l, Inc.*,
344 F.R.D. 247 (S.D. Cal. 2023) .......... 11

*Hawkins v. Shimano N. Am. Bicycle Inc.*,
729 F. Supp. 3d 989 (C.D. Cal. 2024) .......... 12

*Hien Bui v. Mercedes-Benz USA, LLC*,
2021 WL 242936 (S.D. Cal. Jan. 25, 2021) .......... 7, 9

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .......... 6

*Lopez v. Nissan N. Am., Inc.*,
201 Cal. App. 4th 572 (2011) .......... 10, 11

*Moore v. Am. Honda Motor Co.*,
740 F. Supp. 3d 814 (N.D. Cal. 2024) .......... 14

*In re Myford Touch Consumer Litigation*,
2015 WL 5118308 (N.D. Cal. Aug. 31, 2015) .......... 14

*Pascal v. Nissan N. Am., Inc.*,
2022 WL 2784393 (C.D. Cal. June 8, 2022) .......... 14

*Pelayo v. Hyundai Motor Am., Inc.*,
2021 WL 1808628 (C.D. Cal. May 5, 2021) .......... 14

*Riera v. Somatics, LLC*,
800 F. App'x 537 (9th Cir. 2020) .......... 5

*In re Ryobi Power Washer Litig.*,
2026 WL 2525617 (C.D. Cal. Aug. 26, 2026) .......... 12

*Sciacca v. Apple, Inc.*,
362 F. Supp. 3d 787 (N.D. Cal. 2019) .......... 12

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
753 F. Supp. 3d 849 (N.D. Cal. 2024) .......... 10

*Stockinger v. Toyota Motor Sales USA Inc.*,
2017 WL 10574372 (C.D. Cal. July 7, 2017) .......... 14

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) .......... 10

*Williams v. Yamaha Motor Co.*,
851 F.3d 1015 (9th Cir. 2017) .......... 12

*Wilson v. Century 21 Great W. Realty*,
15 Cal. App. 4th 298 (1993) .......... 10, 11

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) .......... 8, 9,10, 11, 12, 13

*Wong v. Am. Honda Motor Co.*,
2024 WL 612939 (9th Cir. Feb. 14, 2024) .......... 12

**Rules**

Fed. R. Civ. P. 8 .......... 6

Fed. R. Civ. P. 9(b) .......... 3, 6, 12

Fed. R. Civ. P. 12(b)(6) .......... 5, 7

Fed. R. Civ. P. 12(c) .......... 5, 6

Local Rule 7-3 .......... 15

# I. INTRODUCTION

Plaintiffs have not cured the defects set forth in the Court's ruling on Tesla's motion to dismiss. Plaintiffs do not identify any affirmative misleading advertising from Tesla that they viewed in connection with their used Tesla purchases from third parties, so their claims are based upon a failure to disclose theory: that Tesla failed to disclose the odometers in their Tesla vehicles supposedly overstate mileage. The Court previously dismissed Plaintiffs' negligent misrepresentation claim and Plaintiff Leon's breach of contract claim, telling Plaintiffs exactly what was missing. The Third Amended Complaint ("TAC") does not and cannot supply it.

*First,* the Court dismissed the negligent misrepresentation claim (Count II) because Plaintiffs did not allege sufficient facts to show that Tesla knew of the alleged defect—that its odometers overstate mileage—at the time Plaintiffs purchased their used vehicles. Despite that guidance, the TAC adds only conclusory allegations, without any facts showing Tesla had such knowledge. Indeed, a comparison of the two pleadings shows that the TAC's supposed "knowledge" allegations simply relabel facts already pled and previously rejected by the Court as insufficient.

In addition, the negligent misrepresentation claim fails for an additional reason. Plaintiffs do not identify any specific false statements by Tesla in connection with their purchases, and California law does not recognize a negligent misrepresentation claim based upon omissions.

*Second*, this legal defect defeats not just Plaintiffs' negligent misrepresentation claim, but also their UCL (Count III), FAL (Count IV), and CLRA (Count VI) claims, which, as this Court held, are based upon a failure to disclose theory. Although the Court previously sustained the CLRA claim, controlling Ninth Circuit law requires judgment as a matter of law on each of those claims for failure to allege presale knowledge, too.

*Third*, the Court dismissed Leon's breach of contract claim (Count V) because Leon never alleged he presented his vehicle to Tesla for repair and was refused by Tesla. The TAC still contains no such facts, and, during the parties' meet and confer, Plaintiffs' counsel confirmed that they are not continuing to pursue Leon's breach of contract claim. That claim now should be dismissed with prejudice.

In short, Plaintiffs have now amended three times and were given specific guidance on what to fix. Because they have not cured these deficiencies, it is clear they cannot do so. As a result, Tesla is entitled to judgment as a matter of law on: (1) Plaintiffs' negligent misrepresentation claim; (2) Plaintiffs' UCL, FAL, and CLRA claims, based on a failure to disclose theory; and (3) Plaintiff Leon's breach of contract claim.

## II. BACKGROUND

### A. Plaintiffs Allege That Tesla Failed To Disclose That Their Vehicles' Odometer Systems Are Defective.

Plaintiffs allege that Tesla's odometer system overstates the actual miles in Tesla vehicles, because, unlike conventional odometers, it relies on "predictive algorithms, energy consumption metrics, and driver behavior multipliers." TAC ¶ 3; *see also id.* ¶¶ 54–56, 61. Plaintiffs further allege that this causes Tesla's mileage-based warranties to expire prematurely and forces owners to pay for repairs that should be covered by warranty. *Id.* ¶¶ 2–9, 59–65. Tesla denies these allegations. Answer, ECF No. 45. Indeed, they are simply false. Nonetheless, Tesla accepts them as true for purposes of this Motion.

Plaintiff Hinton purchased a used 2020 Model Y from a third-party dealer in Marietta, Georgia, in December 2022. TAC ¶ 77. Plaintiff Leon purchased a used 2019 Model 3 from a non-Tesla dealership in Fresno, California, in March 2024. *Id.* ¶ 69. Neither Plaintiff alleges he purchased his vehicle from Tesla. And neither Plaintiff identifies any specific affirmative statement from Tesla that he received,

reviewed, or relied upon at the time of his vehicle purchase, much less when and where it was made.

### B. The Court Dismissed Plaintiffs' Negligent Misrepresentation Claim And Plaintiff Leon's Breach Of Contract Claim.

On September 28, 2026, the Court granted in part Tesla's motion to dismiss the Second Amended Complaint ("SAC"). Sept. 28, 2026 Order ("Dismissal Order"), ECF No. 37. The Court found that the negligent misrepresentation claim was predicated upon fraudulent concealment, and Plaintiffs' other claims were predicated on Tesla's failure to disclose. *Id.* at 9. The Court recognized that the "lack of disclosure is at the forefront of this action." *Id.* at 19.

The Court dismissed two claims with leave to amend. With respect to Plaintiffs' negligent misrepresentation claim, the Court held that those claims sound in fraud and had to satisfy Rule 9(b)'s heightened pleading standard. *Id.* at 9. It then found that, although the SAC addressed other elements, it did "not allege that Tesla knew of the odometer system's issues when making the alleged misrepresentations," and lacked factual "allegations establishing Tesla's intent or knowledge as to the misrepresentation." *Id.* at 9, 14. The Court observed that "awareness of consumer complaints does not equate to knowledge or intent to misrepresent[.]" *Id.* at 14. It also reasoned that designing the odometer system does not mean that "Tesla possessed knowledge of the alleged system's defects." *Id.* at 16.

As to the breach of contract claims, the Court dismissed Leon's claim only, explaining that "[i]n the [S]AC, Plaintiffs do not assert that Leon presented his car to Tesla for repair," and that "Plaintiffs conceded this fact at the February 19, 2026 hearing." *Id.* at 18. The Court granted leave to amend because Plaintiffs represented that Leon had since presented his vehicle to Tesla for repair and was denied coverage. *Id.* The Court allowed Hinton's breach of contract claim to move forward because Hinton alleged he brought his vehicle to Tesla for repair on multiple occasions and was denied warranty coverage. *Id.*

### C. The TAC Fails To Cure These Defects.

Plaintiffs filed the TAC on October 28, 2026. To try to address the presale knowledge deficiency, the TAC now offers two paragraphs. *See* TAC ¶¶ 135–36. Those paragraphs add only conclusory statements that "Tesla knew its Tesla Odometer System did not function like traditional odometer systems" (*id.* ¶ 135) and that "[u]pon information and belief, Plaintiffs allege Tesla knew about the miscalculation of mileage by the Tesla Odometer System prior to the sale of the Tesla Vehicles to Plaintiffs and Class Members" (*id.* ¶ 136). Plaintiffs do not identify a single complaint over this issue from a single owner submitted to Tesla, NHTSA, or any other governmental agency prior to Plaintiffs' purchases, any technical bulletin or report by Tesla over this issue, or any third-party consumer publication that has ever raised this issue. Instead, Plaintiffs speculate that presale knowledge exists because Tesla "chose to employ" an odometer system using "predictive algorithms, energy consumption metrics, and driver behavior multipliers"; because Tesla created unidentified "software that could stop and/or reverse the mileage overcalculation"; and because Tesla "has the ability to measure the distances its Tesla Vehicles drive to the millimeter." *Id.*

These are not new facts. The SAC already alleged, on information and belief, that Tesla "employs an odometer system that utilizes some combination of predictive algorithms, energy consumption metrics, and driver behavior multipliers" (SAC ¶ 3, ECF No. 21); that Tesla has the "ability to measure the distances its Tesla Vehicles drive to the millimeter" (*id.* ¶ 2; *see also id.* ¶ 53); and that software updates "may relate to and/or impact the odometer system." (*id.* ¶ 58). While all of these allegations are factually wrong, the Court considered those very allegations when it held that the prior pleading "explains that Tesla did not disclose how the odometer system functioned but not that Tesla knew the odometer system did not properly function." Dismissal Order at 14 (citing SAC ¶¶ 53–58).[1]

---

[1] The TAC's other changes are purely cosmetic. For example, where the SAC

The TAC also does not add any allegation that Leon presented his vehicle to Tesla for repair, notwithstanding Plaintiffs' representation to the Court that he had done so. *See* Dismissal Order at 18. Leon's individual allegations in the TAC are identical, paragraph for paragraph, to those the Court found deficient in the SAC. *Compare* SAC ¶¶ 66–74, *with* TAC ¶¶ 66–74. The breach of contract count is likewise unchanged apart from renumbering. *Compare* SAC ¶¶ 163–69, *with* TAC ¶¶ 164–70. The only factual allegations of presentment and denial in the TAC belong to Plaintiff Hinton—not Plaintiff Leon. *See* TAC ¶¶ 83–90.

Tesla answered the TAC on November 11, 2026, denying Plaintiffs' allegations and explaining that they remain defective. The parties met and conferred about this motion on November 17, 2026. During that meet and confer, Plaintiffs' counsel confirmed that they are no longer pursuing Leon's breach of contract claim. *See* Krompier Decl. ¶ 5.

## III. <u>LEGAL ARGUMENT</u>

A "Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion," *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017), and applies the "same standard." *Riera v. Somatics, LLC*, 800 F. App'x 537, 538 (9th Cir. 2020) ("the same standard applies to Rule 12(b)(6) and Rule 12(c) motions"). Where a "plaintiff elects to file an amended complaint, the new complaint is the only operative complaint before the district court." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018).

To survive a Rule 12(c) motion for judgment on the pleadings, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the

---

alleged that, "[n]otwithstanding" its ability to measure distance precisely Tesla "uses an odometer system that overstates the distances traveled" (SAC ¶ 2), the TAC now alleges that, "[g]iven" that ability, "Tesla knew" it was doing so (TAC ¶ 2). Likewise, where the SAC alleged that Tesla "misrepresents the mileage" (SAC ¶ 54), the TAC inserts the word "knowingly" (TAC ¶ 54).

elements of a cause of action, supported by mere conclusory statements, do not suffice," and allegations that are "no more than conclusions" are "not entitled to the assumption of truth." *Id.* at 678–79. A pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Here, although the TAC makes some cosmetic changes, Plaintiffs have not cured the defects identified by the Court. These defects also negate Plaintiffs' statutory claims. Accordingly, Tesla is entitled to judgment on the pleadings as to Plaintiffs' omission-based claims and Plaintiff Leon's breach of contract claim.

### A. The Negligent Misrepresentation Claim (Count II) Fails Because Plaintiffs Still Fail To Allege Tesla's Presale Knowledge Of Any Alleged Defect And No "Positive Assertion" Of Fact.

The Court held that Plaintiffs' negligent misrepresentation claim sounds in fraud and is subject to Rule 9(b). *See* Dismissal Order at 9. Rule 9(b) requires a pleading to identify "the who, what, when, where, and how of the misconduct charged," and such fraud and omission claims "must, in addition to pleading with particularity, also plead plausible allegations." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054–55 & n.4 (9th Cir. 2011); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009). Although Rule 9(b) permits knowledge to "be alleged generally," Fed. R. Civ. P. 9(b), it does not license evasion of "the less rigid—though still operative—strictures of Rule 8." *Iqbal*, 556 U.S. at 686–87.

The elements of negligent misrepresentation require, among other things, an affirmative misrepresentation made "without reasonable grounds for believing it to be true." *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997) (quotation omitted). In its Dismissal Order, the Court recognized that the "alleged misrepresentation [is] a failure to disclose how the odometer system functions," yet the "[S]AC is absent of allegations establishing Tesla's intent or knowledge as to the

misrepresentation" because "Plaintiffs do not discuss how or if Tesla knew about the malfunctioning odometer system." Dismissal Order at 14. The TAC fails to cure this defect or overcome the California legal rule that a negligent misrepresentation claim cannot be based upon an omission.

**1. The TAC Still Fails To Plead Facts Showing Presale Knowledge.**

A company cannot be liable for failing to disclose an alleged defect about which it is not aware. A plaintiff therefore "must offer specific substantiating facts demonstrating that the defendant has exclusive knowledge about an alleged defect—not merely that the defendant has a superior understanding about the product's design generally." *Hien Bui v. Mercedes-Benz USA, LLC*, 2021 WL 242936, at *2 (S.D. Cal. Jan. 25, 2021). "[W]here a plaintiff simply makes conclusory allegations that a defendant has superior knowledge, that is not enough to overcome a 12(b)(6) challenge." *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 575–76 (N.D. Cal. 2019); see also *Franco v. Ford Motor Co.*, 644 F. Supp. 3d 672, 681–82 (C.D. Cal. 2022) (dismissing CLRA omission claim and finding "Plaintiffs' allegations of Ford's pre-sale knowledge of the defect are merely conclusory," where plaintiffs cited technical bulletins that did not apply to the class vehicles and plaintiffs did not explain when or how "numerous complaints from owners of Class Vehicles that exhaust odor was entering the vehicle cabin" were made).

Measured against that standard, the TAC repeats the very deficiency the Court identified. Plaintiffs offer only two new paragraphs (TAC ¶¶ 135–36) plus the insertion of the words "knew" and "knowingly" into existing allegations (*id.* ¶¶ 2, 54, 62), but none identifies a single Tesla technical bulletin, Tesla consumer complaint, or Tesla service message showing knowledge of any alleged odometer defect predating either Plaintiff's purchase. Instead, Plaintiffs merely recite the knowledge requirement, including that "Tesla knew its Tesla Odometer System did not function like traditional odometer systems" and "knew about the miscalculation of

mileage by the Tesla Odometer System prior to the sale of the Tesla Vehicles to Plaintiffs and Class Members." TAC ¶¶ 135–36. These allegations are the very types of conclusory statements and "formulaic recitations" that do not satisfy Plaintiffs' burden. *Iqbal*, 556 U.S. at 680–81 (allegations that defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest'" and that one defendant "was the 'principal architect' of this invidious policy" were "conclusory and not entitled to be assumed true").

The Ninth Circuit and courts in this District repeatedly have rejected similar allegations as insufficient to satisfy a plaintiff's burden to plead facts plausibly showing the necessary pre-sale knowledge to support an omission-based claim. *See, e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1146–47 (9th Cir. 2012) (allegations "that HP 'became familiar with' and was 'on notice' of the defect plaguing the Laptops at the time of manufacture and as early as 2002" are insufficient because they are "merely conclusory"); *Galdamez v. FCA US LLC*, 830 F. Supp. 3d 982, 988–89 (C.D. Cal. 2026) (dismissing omission-based claim for lack of pre-sale knowledge regarding alleged defect in vehicle's transmission because complaint "alleges only, on information and belief, that FCA knew or should have known of the defect through pre-production testing data, consumer complaints made to FCA and its network of dealers, aggregate warranty data compiled from FCA's network of dealers, testing FCA conducted in response to complaints, and warranty repair and part replacements data received from FCA's network of dealers"); *Franco*, 644 F. Supp. 3d at 678, 681–82 (allegations that "customer complaints, NHTSA investigation, TSBs, SSMs, Campaigns, and redesign of certain models' manifolds show that 'Ford is well aware that defective exhaustive manifolds are allowing exhaust odors and toxins to enter the vehicle cabin and affecting the performance of the vehicles'" insufficient to show pre-sale knowledge).

At most, Plaintiffs' new allegations show that Tesla had knowledge of the design of its own product—which is insufficient as a matter of law. Paragraph 135 alleges that Tesla "knew its Tesla Odometer System did not function like traditional odometer systems," and that the system "could" overstate miles driven. TAC ¶ 135. But that allegation is wholly conclusory and, as the Court previously held, it does not plead "Tesla knew the odometer system did not properly function," much less at the time of Plaintiffs' purchases. Dismissal Order at 14. Likewise, the three "reasons" Paragraph 136 gives for Tesla's supposed knowledge are substantially the same facts pleaded in the SAC (at Paragraphs 2, 3, 53, and 58). Restating allegations the Court has already found insufficient, now prefaced with the word "knew," does not cure the deficiency. As this Court recognized, alleging that Tesla designed the odometer system is not the same as alleging that Tesla "possessed knowledge of the alleged system's defects." Dismissal Order at 16; s*ee also Hien Bui*, 2021 WL 242936, at *3 (conclusory allegation that manufacturer "had knowledge" of defect insufficient); *Franco*, 644 F. Supp. 3d at 681–82 (applying rule); *Wilson*, 668 F.3d at 1145–47.

Lastly, the TAC re-alleges, without change from the SAC, that some anonymous users on Reddit "publicly noted discrepancies between the distances they have driven and what is reported by the odometers in their Telsa [*sic*] Vehicles." TAC ¶ 104; *see* SAC ¶ 104. But there are no facts that any of these users raised any complaint with Tesla (much less on a scale that would create presale knowledge), and the Court already held that "awareness of consumer complaints does not equate to knowledge." Dismissal Order at 14. Under controlling Ninth Circuit law, these anonymous, undated complaints posted on an online thread cannot establish presale knowledge as to Tesla. *See, e.g.*, *Wilson*, 668 F.3d at 1147–48 ("fourteen customer complaints" insufficient).

Put simply, the TAC identifies no presale complaint, public message or bulletin, test result, or other fact showing Tesla actually knew—before December 2022 (Hinton) or March 2024 (Leon)—that its odometers supposedly overstate

mileage. As a result, Tesla is entitled to judgment as a matter of law on the negligent misrepresentation claim.

**2. The Negligent Misrepresentation Claim Improperly Rests On An Omission, Not The Requisite Positive Assertion.**

This claim also fails for another reason: "negligent misrepresentation by omission is not recognized in California[.]" *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 753 F. Supp. 3d 849, 926–27 (N.D. Cal. 2024), *appeal dismissed sub nom. Fla. Off. of Att'y Gen. v. Meta Platforms, Inc.*, 2024 WL 5443167 (9th Cir. Dec. 16, 2024), and *motion to certify appeal denied,* 2025 WL 1182578 (N.D. Cal. Mar. 11, 2025), and *appeal dismissed sub nom. California v. Meta Platforms, Inc.*, 186 F.4th 663 (9th Cir. 2026). Under California law, "[n]egligent misrepresentation is a species of fraud or deceit specifically requiring a 'positive assertion' . . . of fact," and "[a]n 'implied' assertion or representation is not enough." *Wilson v. Century 21 Great W. Realty*, 15 Cal. App. 4th 298, 306 (1993). A negligent misrepresentation claim, therefore, "requires a positive assertion," and cannot rest merely on an omission. *Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596 (2011) (internal quotation marks omitted); *accord In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1230 (C.D. Cal. 2017).

The TAC pleads the same negligent misrepresentation theory. The claim's substance, as the Court described it, is "a failure to disclose how the odometer system functions." Dismissal Order at 14 (citing [S]AC ¶¶ 53–58). This is an omission-based negligent misrepresentation claim that California law does not recognize. *See, e.g.*, *Hall v. Marriott Int'l, Inc.*, 344 F.R.D. 247, 267 (S.D. Cal. 2023), *on reconsideration in part*, 2023 WL 9692466 (S.D. Cal. June 6, 2023) ("negligent misrepresentation claim cannot be based on the omission nor suppression of a material fact").

The closest Plaintiffs come to identifying an affirmative Tesla statement is that Tesla "continued to use the word 'odometer'" in manuals, invoices, and marketing, TAC ¶ 137, but use of the word "odometer" to describe the device that records a

vehicle's mileage is not a positive assertion that the device uses any particular method. *Lopez*, 201 Cal. App. 4th at 596 (holding "innocuous statements by Nissan about the basic function of odometers" were not a positive assertion). Nor does either Plaintiff identify the speaker, content, date, or medium of any false statement made by Tesla, and an implied representation is "not enough." *Wilson*, 15 Cal. App. 4th at 306. Accordingly, judgment on the pleadings is warranted for this additional reason.

### B. The UCL (Count III), FAL (Count IV), And CLRA (Count VI) Claims Also Fail For Lack Of Presale Knowledge.

The Court has recognized Plaintiffs' UCL and CLRA claims are "predicated on Tesla's failure to disclose." Dismissal Order at 9. The FAL claim rests on the same theory, because neither Plaintiff identifies any advertisement or affirmative statement from Tesla he saw before purchasing his vehicle. *See* TAC ¶¶ 69, 77, 81.

Under controlling Ninth Circuit law, a failure to disclose theory requires Plaintiffs to sufficiently allege that a defendant "was aware of a defect at the time of sale," because a manufacturer has "no duty to disclose facts of which it was unaware." *Wilson*, 668 F.3d at 1145. Indeed, under California law, "[t]o state a claim for failing to disclose a defect, a party must allege . . . that the manufacturer ***knew of the defect at the time a sale was made***." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025–26 (9th Cir. 2017) (emphasis added) (quoting *Apodaca v. Whirlpool Corp.*, 2013 WL 6477821, at *9 (C.D. Cal. Nov. 8, 2013)). "Constructive knowledge is insufficient to state a claim based on omissions." *Ahern*, 411 F. Supp. 3d at 565. This pre-sale knowledge standard must be met regardless of whether Rule 9(b) applies. *Wilson*, 668 F.3d at 1147–48 (dismissing CLRA and UCL claims over failure to plead facts showing presale knowledge of alleged defect).

The Ninth Circuit and other district courts in California have dismissed omission-based CLRA, UCL, and FAL claims against vehicle manufacturers where the plaintiff fails to plead facts establishing the defendant's actual knowledge of a specific problem with the vehicle at the time it was sold to the plaintiff. *See, e.g.*,

*Wong v. Am. Honda Motor Co.*, 2024 WL 612939, at *2 (9th Cir. Feb. 14, 2024) (affirming dismissal of fraud and consumer protection claims because "Appellants did not adequately allege that Honda had knowledge of the defect prior to Appellants' purchase of the Class Vehicles in 2016, 2017, and 2018"); *Hawkins v. Shimano N. Am. Bicycle Inc.*, 729 F. Supp. 3d 989, 1016–18 (C.D. Cal. 2024) (dismissing "Plaintiffs' fraud, consumer legal remedies act, false advertising law, unfair competition law, deceptive and unfair trade practices act, and general business law claims" under California and other laws for failure to plead knowledge about allegedly defective crankset for bicycle, despite allegations of consumer complaints dating back years); *Franco*, 644 F. Supp. 3d at 681–82 (dismissing omission-based CLRA claim regarding alleged defect in vehicle's exhaust manifold because plaintiff failed to show the defendant had pre-sale knowledge of any alleged exhaust defect); *Cadena v. Am. Honda Motor Co.*, 2019 WL 3059931, at *13 (C.D. Cal. May 29, 2019) (applying rule); *see also In re Ryobi Power Washer Litig.*, 2026 WL 2525617, at *10 (C.D. Cal. Aug. 26, 2026) (applying rule to dismiss UCL, CLRA, and FAL claims); *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 800 (N.D. Cal. 2019) (dismissing omission-based CLRA and UCL claims regarding alleged defect in Apple Watches despite allegations that "Apple was keenly aware of the problem with the Watches" and there were many "customers' complaints at Apple Stores, to Apple Support, and online" because plaintiffs failed to plead facts to support conclusory allegations).

The same result is warranted here. As set forth above, Plaintiffs have not alleged facts showing that Tesla had presale knowledge of any odometer defect before Plaintiffs' purchases. Instead, they rely upon conclusory statements that are insufficient as a matter of California law.

Tesla recognizes that the Court previously stated that knowledge could be inferred for a CLRA claim because Tesla designed the odometer. Dismissal Order at 20. But, as set forth above, the Ninth Circuit has held that merely designing and manufacturing a product does not plausibly plead pre-sale knowledge of a defect in

that product under the CLRA and other laws. *See Wilson*, 668 F.3d at 1147 (allegation that HP "as the manufacturer, had 'access to the aggregate information and data regarding the risk of overheating' is speculative and does not suggest how any tests or information could have alerted HP to the defect"); *see also Askins*, 899 F.3d at 1043 (holding that when the court rules on an amended complaint, it "is not, however, bound by any law of the case"). Otherwise, the pre-sale knowledge requirement would cease to have any meaning. Accordingly, Tesla is entitled to judgment on the pleadings as to the CLRA, UCL, and FAL claims.

### C. Plaintiff Leon's Breach of Contract Claim (Count V) Fails Because He Still Does Not Allege He Presented His Vehicle To Tesla For Repair And Concedes He Is Not Maintaining This Claim.

Plaintiffs claim that Tesla breached warranties applicable to their vehicles. *See* TAC ¶¶ 79–80, 165–67. Under California law, "[a] plaintiff claiming a breach of express warranty is required to 'give the defendant a chance to perform warranty service before the defendant can be held liable for breach of warranty.'" *Pelayo v. Hyundai Motor Am., Inc.*, 2021 WL 1808628, at *8 (C.D. Cal. May 5, 2021) (quoting *In re Myford Touch Consumer Litigation*, 2015 WL 5118308, at *5 (N.D. Cal. Aug. 31, 2015)). This rule is clear:

> [T]hose Plaintiffs who bought [*sic*] their vehicle for repair only once or not at all cannot maintain a breach of warranty claim. This is because unless the purchaser presents the vehicle for repair more than once, it cannot be found that the dealer 'refused' to satisfy its obligations under the warrant [*sic*] to repair the Vehicle.

*Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1117–18 (C.D. Cal. 2021); *see also Pascal v. Nissan N. Am., Inc.*, 2022 WL 2784393, at *3 (C.D. Cal. June 8, 2022) ("[w]ithout allegations that these Plaintiffs presented their vehicles for service relating to the defect," cannot conclude "Defendant refused to honor its warranty obligations"); *Stockinger v. Toyota Motor Sales USA Inc.*, 2017 WL 10574372, at *7

(C.D. Cal. July 7, 2017) (same); *Moore v. Am. Honda Motor Co.*, 740 F. Supp. 3d 814, 822–23 (N.D. Cal. 2024) (same where presented vehicle after warranty expired).

In its Dismissal Order, the Court held that "[i]n the [S]AC, Plaintiffs do not assert that Leon presented his car to Tesla for repair." Dismissal Order at 18. The Court granted leave to amend only because Plaintiffs represented that Leon had since presented his vehicle for repair and been denied coverage. *Id.* By contrast, the Court denied Tesla's motion to dismiss Plaintiff Hinton's claim precisely because Hinton alleged he "brought the vehicle to Tesla for repair . . . on four occasions" and "was denied warranty coverage." *Id.*

The TAC does not and cannot cure this defect. Nowhere does the TAC offer any new allegations that Leon ever presented his vehicle to Tesla for repair, let alone that Tesla refused coverage. TAC ¶¶ 66–74. Plaintiffs did not change a single word of Leon's allegations. *Compare* SAC ¶¶ 66–74, *with* TAC ¶¶ 66–74. Indeed, during the parties' Local Rule 7-3 meeting, Plaintiffs acknowledged they are no longer pursuing this claim. As a result, Tesla is entitled to judgment as to that claim.

### D. Plaintiffs Should Not Be Granted Yet Another Chance To Amend.

Leave to amend is not appropriate where a plaintiff's successive complaints contain "nearly identical operative allegations" and the plaintiff does not identify any new fact that would cure the deficiencies. *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1099–1100 (9th Cir. 2024).

Plaintiffs have filed four complaints, and the TAC followed the Dismissal Order identifying specific missing facts, yet Plaintiffs returned with the same facts and various cosmetic changes. It is now clear Plaintiffs cannot plead a viable failure to disclose claim, and Plaintiff Leon has abandoned his breach of contract claim. Further amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, Tesla respectfully requests that the Court grant Tesla judgment on the pleadings as to Plaintiffs' negligent misrepresentation (Count

II), UCL (Count III), FAL (Count IV), and CLRA (Count VI) claims and Plaintiff Leon's breach of contract claim (Count V).

Dated: November 24, 2026

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Jesse S. Krompier*
David L. Schrader
Jesse S. Krompier

*Attorneys for Defendant Tesla, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Tesla, Inc., certifies that this brief contains 4,767words, which complies with the word limit of L.R. 11-6.1.

Dated: November 24, 2026

*/s/ Jesse S. Krompier*
Jesse S. Krompier